UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS P. SILLS, JR.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT KIM, KATE PERAZICH, FREDERICK M. MACAPINLAC, DISTRICT COURT OF THE THIRD CIRCUIT,<br><br>　　　　　Defendants. | CIV. NO. 23-00246 LEK-KJM |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

　　　　On June 8, 2023, pro se Plaintiff Thomas P. Sills, Jr. ("Sills") filed his Complaint for Violation of Civil Rights ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] For the reasons set forth below, the Complaint is hereby dismissed without prejudice, and this Court will reserve ruling on the Application. In other words, Sills will be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order, and this Court will rule on the Application if any portion of the amended complaint survives the screening process. Sills's amended complaint must be filed by **September 14, 2023.**

## BACKGROUND

The defendants in this case are Judge Robert Kim ("Judge Kim"), State Prosecutor Kate Perazich ("Perazich"), and Public Defender Frederick M. Macapinlac ("Macapinlac"). [Complaint at PageID.2-3.] Sills also names Defendants "John and Jane Doe 1-100," who are employed at the District Court of the Third Circuit in the County of Hawai`i.[1] [Id. at PageID.3.] All of the defendants are named in their individual and official capacities. [Id. at PageID.2-3.] Sills describes his claims in this case as follows: "Violation of [his] constitutional rights and the violation of the due process of law under the color of law and the color of authority case numbers for the Third Circuit Court of Hawaii are case number 3DCW-19-0000568 and case number 3CPC-19-0000566." [Id. at PageID.7.] According to the Complaint, the "accident" at issue occurred on July 14, 2021. [Id.] Sills seeks damages of $12,333,000.00 for personal injuries that he suffered, as well as attorney's fees. [Id. at PageID.5, PageID.7.]

As to the factual basis for his claims, Sills states he "was forcefully removed from [his] residence in Kona, Hawaii

---

[1] Sills later lists numerous investigators, counselors, and staff attorneys from the prosecutors office who he alleges were "involved with [his] case." [Complaint at PageID.10.] They are not named as defendants, and may be among the people he refers to as "John and Jane Doe 1-100."

2

by Hawaii county police officers[,]" arrested, and taken into custody. [Id. at PageID.9.] He also states his home was searched without a search warrant. [Id.] In addition, he alleges: his rights were not properly explained to him; there were errors in his processing and booking at the police station; he was charged while in the cell block, instead of before a judge; and he was denied bail. [Id.] He also appears to allege he was subjected to unconstitutional conditions at the jail because he "was forced to sleep on the floor with no blanket or sleeping pad." [Id.]

Sills alleges the discovery that the prosecution provided him regarding the charges against him "was incomplete, altered, and not properly filed," and there were various improper actions by court-appointed physicians and the prosecution in connection with the mental health examination that was ordered for his case. [Id.] According to Sills, he was transferred to a state hospital to delay his case and to allow the prosecutors and the public defender's office to work together to develop the case against him. [Id.]

At some point, Sills was placed on pretrial release, but he argues he was "forced to wear a faulty ankle monitoring device installed by the Hawaii intake services department." [Id.]

Sills alleges the prosecution "provided misleading and incomplete information" that resulted in the transfer of his case from a state district court to a state circuit court. [Id.]  Sills alleges Judge Kim accepted he transferred case, even though Judge Kim had "knowledge of the case not being properly filed by the prosecution in a timely manner."  [Id. at PageID.10.]  Sills also alleges Judge Kim: "held [him] in the custody of the court, and continued bail for the duration of [his] court case"; granted numerous continuances of the case to allow the prosecution to refile charges against him; denied numerous defense requests to dismiss the case; and "filed a sua sponte the day [Sills] was present in court court [sic] without representation of the public defender or a representative of the prosecutors [sic] office."  [Id.]

Perazich was apparently the prosecuting attorney assigned to the case after the transfer, and Macapinlac was Sills's public defender.  See id.  Sills alleges Perazich "failed to file charges against [him] in the circuit court and presented false bail charge information to the court and the public defender attorney."  [Id.]  The only specific allegations Sills pleads against Macapinlac is that Sills questioned Macapinlac "about the bail information and the charges filed in court," and Macapinlac presented some of Sills's requests for dismissal to Judge Kim.  See id. (stating Sills "requested

dismissal of [his] case through my Public Defender and personally in court to the judge, but was denied dismissal every time").

Ultimately, Sills alleges he was forced to accept a plea agreement because of the "numerous court, hearings, excessive and unnecessary ones" he was subjected to, and he alleges these events and the people involved in his criminal case "caused [him] denial of [his] freedom, hardship, stress, emotional damage, and mental anguish." [Id.]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a

5

>     claim);[2] Calhoun v. Stahl, 254 F.3d 845, 845
>     (9th Cir. 2001) (per curiam) (holding that "the
>     provisions of 28 U.S.C. § 1915(e)(2)(B) are not
>     limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power

---

[2] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

6

>authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)).  The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377.  Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

## DISCUSSION

It is not clear what cause of action Sills is asserting in this case.  However, because Sills is proceeding pro se, his Complaint must be liberally construed.  See Eldridge, 832 F.2d at 1137.  Based on Sills's allegation that his constitutional rights were violated under the color of law, [Complaint at PageID.7,] the Court liberally construes the Complaint as asserting claims under 42 U.S.C. § 1983, which states:

>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

7

**I.   Judge Kim**

Judge Kim is a state court judge.  This district court has stated:

> "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-03 (1984).[3]  As to claims against a State, "[t]he Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought," absent unequivocal consent by the state. Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010). "Hawaii has not unequivocally waived its sovereign immunity," Thompson v. Paleka, 2017 WL 5309608, at *4 (D. Haw. Nov. 13, 2017), and Congress has not overridden that immunity for civil rights actions brought pursuant to 42 U.S.C. § 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). . . .
>
> . . . .
>
> Further, "[i]t is well settled that judges are generally immune from suit for money damages." Lund v. Cowan, 5 F.4th 964, 970 (9th Cir. 2021) (internal quotation marks and citation omitted).  "[J]udicial immunity ensures that challenges to judicial rulings are funneled through more efficient channels for review like the appellate process." Id. at 971.  "Judicial immunity also serves the goal of judicial independence." Id.  "Subjecting judges to liability for the grievances of litigants would

---

[3] Pennhurst, 465 U.S. 89, has been superseded by statute on other grounds.  See, e.g., Albert v. Williams, Case No.: SACV 18-00448-CJC(JDEx), 2018 WL 6092578, at *6 (C.D. Cal. Nov. 21, 2018).

> destroy that independence without which no judiciary can be either respectable or useful." Id. (internal quotation marks and citation omitted).
>
> Although judicial immunity applies only to judicial acts — and not to administrative, legislative, or executive functions that judges may sometimes perform — courts have a "broad conception of what constitutes a judicial act." Id. Thus, a judicial act does not stop being a judicial act "even if the judge acted with malice or corruption of motive." Id. at 972 (internal quotation marks and citation omitted); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial.").

Garcia v. Hawaii, CIV. NO. 22-00432 JMS-WRP, 2023 WL 4106297, at *4-5 (D. Hawai`i June 21, 2023) (some alterations in Garcia). Sills's § 1983 claims for damages against Judge Kim are barred by the Eleventh Amendment and, even they were not barred, Judge Kim would be immune from Sills's claims for damages because all of the Complaint's allegations regarding Judge Kim describe judicial acts.

Sills's § 1983 claims for damages against Judge Kim fail to state plausible claims for relief and must be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6) (stating the defense of "failure to state a claim upon which relief can be granted" may be asserted by motion); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain

9

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).  The dismissal of Sills's claims against Judge Kim seeking monetary damages is with prejudice because it is absolutely clear that Sills cannot cure the defects in those claims.  See Lucas, 66 F.3d at 248.

However, Eleventh Amendment immunity "does not bar claims seeking prospective injunctive relief against state officials to remedy a state's ongoing violation of federal law." Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 865 (9th Cir. 2016) (citations omitted).  Further, "common law judicial immunity does not specifically 'preclude a court from granting declaratory or injunctive relief.'"  Garcia, 2023 WL 4106297, at *5 (quoting Moore v. Urquhart, 899 F.3d 1094, 1104 (9th Cir. 2018)).  "Congress extended judicial immunity by statute by amending § 1983 in 1996 'to limit the circumstances in which injunctive relief may be granted against judges,'" id. (quoting Moore, 899 F.3d at 1104), by including the following exception in § 1983 - "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Thus, it is theoretically possible for Sills to amend his § 1983 claims against Judge Kim to seek declaratory or

10

injunctive relief, if "a declaratory decree was violated or declaratory relief was unavailable." The dismissal of Sills's § 1983 claims against Judge Kim is with prejudice as to § 1983 claims seeking monetary damages, but without prejudice to the filing of an amended complaint that asserts § 1983 claims seeking declaratory or injunctive relief.

## II. **Perazich**

Perazich was apparently the prosecuting attorney representing the State of Hawai`i after the case was transferred to a state circuit court. See Complaint at PageID.10. Sills's § 1983 claims against Perazich therefore appear to be malicious prosecution claims.

> In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show "that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Lacey v. Maricopa Cnty., 693 F.3d 896, 919 (9th Cir. 2012) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)). "In general, a claim of malicious prosecution is not cognizable under § 1983 'if process is available within the state judicial systems' to provide a remedy," although the Ninth Circuit has "held that an exception exists . . . when a malicious prosecution is conducted with the intent to . . . subject a person to a denial of constitutional rights." Id. (quoting Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc)). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed." Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004)

11

> (citing Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1126-27 (9th Cir. 2002)).
>
> The court must look to Hawaii law "to determine the legal effect of the state court's action because [the Ninth Circuit has] incorporated the relevant elements of the common law tort of malicious prosecution into [the] analysis under § 1983." Id. . . .

Andrews v. Hawaii Cnty., Civil No. 11-00512 JMS/BMK, 2013 WL 5276533, at *9 (D. Hawai`i Sept. 18, 2013) (some alterations in Andrews) (footnote omitted). "An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." Awabdy, 368 F.3d at 1068 (some citations omitted) (citing Heck v. Humphrey, 512 U.S. 477, 484-85, 114 S. Ct. 2364 (1994)).

> Under Hawai`i law,
>
> Probable cause in a malicious prosecution action depends "not on the actual state of the facts but upon the honest and reasonable belief of the party commencing the action." Brodie [v. Haw. Auto. Retail Gasoline Dealers Ass'n], 2 Haw. App. [316,] 318, 631 P.2d [600,] 602 [(1981)] (citations omitted).[4]
>
> [P]robable cause for the filing of a lawsuit exists where a person:
>
> > reasonably believes in the existence of the facts upon which the claim is based, and either

---

[4] Brodie, 6 Haw. App. 316, 631 P.2d 600, was reversed by the Hawai`i Supreme Court on other grounds. 65 Haw. 598, 655 P.2d 863 (1982).

12

>>(a)  correctly or reasonably believes that under those facts the claim may be valid under the applicable law, or
>
>>(b)  believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge or information.
>
> Id. at 319, 631 P.2d at 602 (quoting Restatement (Second) of Torts § 675 (1977)).  The determination as to whether a particular party had probable cause is both a subjective and objective question.  See, e.g., Bertero v. Nat'l Gen. Corp., 13 Cal. 3d 43, 118 Cal. Rptr. 184, 193, 529 P.2d 608 (1974); Williams v. City of New York, 508 F.2d 356, 359 (1974).  The first question is whether the party had the subjective belief that he or she possessed probable cause in the underlying action.  The second question is whether that belief was reasonable.

Arquette v. State, 128 Hawai`i 423, 434, 290 P.3d 493, 504 (2012) (some alterations in Arquette).

        Sills has failed to plead factual allegations that, if ultimately proven, would establish the elements of a § 1983 malicious prosecution claim.  In particular, he has not pled factual allegations indicating that he was prosecuted with malice and without probable cause or that the criminal case against him was terminated in his favor.  Sills therefore fails to plead plausible § 1983 malicious prosecution claims against Perazich, and those claims must be dismissed.  However, because it may be possible for Sills to cure the defects in those claims by amendment, the dismissal is without prejudice.

In order to provide additional guidance to Sills regarding potential amendments to his § 1983 malicious prosecution claims, the Court notes that the Ninth Circuit has held:

> A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 410, 430–31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). However, "absolute immunity may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in . . . investigative or administrative tasks." Van De Kamp v. Goldstein, 555 U.S. 335, 129 S. Ct. 855, 861, 172 L. Ed. 2d 706 (2009) (quoting Imbler, 424 U.S. at 431 n.33, 96 S. Ct. 984). In those instances, only qualified immunity is available. See Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993).

Cousins v. Lockyer, 568 F.3d 1063, 1068 (9th Cir. 2009) (alteration in Cousins). It would ultimately be Perazich's burden to establish that she is entitled to absolute prosecutorial immunity from Sills's § 1983 malicious prosecution claims. See Garmon v. Cnty. of Los Angeles, 828 F.3d 837, 843 (9th Cir. 2016) (stating, in the context of federal prosecutorial immunity, that "[t]he 'official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question'" (quoting Burns v. Reed, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991))).

14

However, Sills may consider the issue of potential immunity if he prepares and files an amended complaint, in particular because the defendants in a malicious prosecution claim are not limited to the individual prosecuting attorneys.  See Awabdy, 368 F.3d at 1066.

### III. Macapinlac

> To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  Section 1983 requires a connection or link between a defendant's actions and the plaintiffs' alleged deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Rizzo v. Goode, 423 U.S. 362, 371–72, 377 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  Thus, a plaintiff must allege that he suffered a **specific injury** because of a particular defendant's conduct and must affirmatively link that injury to the violation of his right.

Garcia, 2023 WL 4106297, at *6 (emphasis in Garcia) (footnote omitted).  Sills has not pled factual allegations that, if ultimately proven, would establish that he suffered a specific injury because of Macapinlac's conduct and that Sills's injury is linked to the alleged violation of his constitutional rights.

15

Sills therefore fails to plead plausible § 1983 claims against Macapinlac, and those claims must be dismissed. However, because it may be possible for Sills to cure the defects in his claims by amendment, the dismissal is without prejudice.

### IV. Dismissal and Leave to Amend

All of the claims in Sills's Complaint have been dismissed without prejudice. In other words, Sills will be allowed to file an amended complaint to try to cure the defects in the Complaint. However, Sills's leave to amend his § 1983 claims against Judge Kim is limited. In any amended complaint, Sills's § 1983 claims against Judge Kim must seek only prospective declaratory or injunctive relief. Sills's amended complaint must not include § 1983 claims against Judge Kim that seek monetary damages.

If Sills chooses to file an amended complaint, he must do so by **September 14, 2023**. Sills's amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint. He cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint. Sills is cautioned that, if he fails to file his amended complaint by **September 14, 2023,** or if the amended complaint fails to cure the defects identified in this Order, his claims will be

16

dismissed with prejudice – in other words, without leave to amend.  Sills would then have no remaining claims in this district court, and the Clerk's Office would be directed to close the case.

Only a preliminary screening of the Complaint has been conducted.  If Sills files an amended complaint, a further screening will be conducted, including – but not limited to – other Eleventh Amendment immunity issues, statute of limitations issues, and whether Sills has identified the proper defendant(s) for any claim challenging the circumstances of his arrest or for any claim challenging the conditions of the facilities where he was detained.

## V. **Application**

Insofar as the Complaint has been dismissed with leave to amend, it is not appropriate to rule on the Application at this time.  This Court will therefore reserve ruling on the Application until Sills files an amended complaint.  If any portion of Sills's amended complaint survives the screening process, this Court will then rule upon the Application and address whether Sills is entitled to proceed without prepaying fees and costs.

## **CONCLUSION**

On the basis of the foregoing, Sills's Complaint for Violation of Civil Rights, filed June 8, 2023, is HEREBY

DISMISSED.  The dismissal is WITHOUT PREJUDICE to the filing of an amended complaint that cures the defects identified in this Order.  Sills is GRANTED leave to file his amended complaint by **September 14, 2023.**  The amended complaint must comply with the terms of this Order.

In addition, the Court HEREBY RESERVES RULING on Sills's Application to Proceed in District Court Without Prepaying Fees or Costs, filed June 8, 2023.  If Sills chooses to file an amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 31, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**THOMAS P. SILLS, JR. VS. ROBERT KIM, ET AL; CV 23-00246 LEK-KJM; ORDER DISMISSING AND RSERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**