UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS P. SILLS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT KIM, KATE PERAZICH, FREDERICK M. MACAPINLAC, DISTRICT COURT OF THE THIRD CIRCUIT, <br><br> Defendants. | CIV. NO. 23-00246 LEK-KJM |

**ORDER DISMISSING IN PART PLAINTIFF'S AMENDED COMPLAINT AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On June 8, 2023, pro se Plaintiff Thomas P. Sills, Jr. ("Sills") filed his Complaint for Violation of Civil Rights ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] On July 31, 2023, this Court issued an order dismissing the Complaint without prejudice and reserving ruling on the Application ("7/31 Order"). [Dkt. no. 6.[1]] The 7/31 Order identified several issues with the Complaint: 1) Sills's 42 U.S.C. § 1983 claims for damages against Defendant Judge Robert Kim ("Judge Kim") were barred by the Eleventh Amendment and by judicial immunity; [id. at 8-10;] 2) Sills failed to plead a

---

[1] The 7/31 Order is also available at 2023 WL 4866928.

plausible § 1983 malicious prosecution claim against Defendant State Prosecutor Kate Perazich ("Perazich"); [id. at 11-13;] and 3) Sills failed to plead plausible § 1983 claims Defendant Public Defender Frederick M. Macapinlac ("Macapinlac"), [id. at 13-16]. Sills was given until September 14, 2023 to file an amended complaint, and he was cautioned that, if his amended complaint did not cure the defects identified in the 7/31 Order, his claims would be dismissed with prejudice and the case would be closed. [Id. at 16-17.]

On September 11, 2023, Sills filed a document titled "Exh C" that he states is his amended complaint ("Amended Complaint"). [Dkt. no. 8.] The Amended Complaint reasserts his claims against Judge Kim, Perazich, and Macapinlac. For the reasons set forth below, Sills's claims in the Amended Complaint against Judge Kim are dismissed with prejudice, but Sills's claims in the Amended Complaint against Perazich and Macapinlac will be allowed to proceed. In addition, Sills's Application is granted.

## DISCUSSION

Sills claims in his original Complaint arose, in part, from a criminal prosecution against him that was initiated in the State of Hawai`i District Court of the Third Circuit ("State District Court") but later was transferred to a state circuit court. Judge Kim presided over the case after transfer,

Perazich was the prosecuting attorney assigned to the case after transfer, and Macapinlac was Sills's public defender.  See 7/31 Order at 3-4 (citing Complaint at PageID.9-10).  The criminal prosecution against Sills is also the basis of the Amended Complaint.  See Amended Complaint at PageID.40.

## I. Sills's Claims Against Judge Kim

The dismissal of the Complaint's claims against Judge Kim seeking monetary damages was with prejudice because this Court concluded it was absolutely clear that Sills could not cure the defects in those claims.  [7/31 Order at 10.]  However, the dismissal was without prejudice to the assertion of 42 U.S.C. § 1983 claims against Judge Kim seeking "declaratory or injunctive relief, if 'a declaratory decree was violated or declaratory relief was unavailable.'"  [Id. at 10-11 (quoting § 1983).]

The Amended Complaint seeks damages and does not seek declaratory or injunctive relief.  See Amended Complaint at PageID.41 ("I am seeking $12,333,000 dollars plus attorneys [sic] fees for damages and compensation for the violation of my rights.").  Further, the Amended Complaint does not allege that Judge Kim violated a declaratory decree or that declaratory relief is unavailable to Sills.  Because Sills's claims against Judge Kim in the Amended Complaint are essentially the same claims as those that Sills asserted against Judge Kim in the

3

original Complaint, Sills's current claims against Judge Kim fail to state a plausible claim for relief, and the current claims against Judge Kim must be dismissed. See 7/31 Order at 8-10 (discussing the Eleventh Amendment and judicial immunity).

Further, the dismissal of Sills's current claims against Judge Kim must be with prejudice because Sills had notice of the defects in his claims and failed to cure those defects in the Amended Complaint. See id. at 6 ("The court also recognizes that '[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'" (alterations in 7/31 Order) (some citations omitted) (quoting Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995))).

II. **Sills's Claims Against Perazich**

This Court liberally construed the Complaint's claims against Perazich as § 1983 malicious prosecution claims. See id. at 11. This Court dismissed the claims because Sills failed to allege that "he was prosecuted with malice and without probable cause or that the criminal case against him was terminated in his favor." [Id. at 13.] The Amended Complaint alleges:

> The prosecutor for the Third Curcuit [sic] Court Kate Perazich violated my constitutional rights with malice and without probable cause. Kate

4

> Perazich intentionally prosecuted me. No charges were filed against me in the court system and in her possession at the time I was brought before the court to to [sic] be prosecuted without probable cause. A case was created at a later date to to [sic] try and cover up the facts of not having a legitimate reason or documentation to prosecute me. All these actions were intentional and done over the duration of the case against me. I believe that in a trial of this case the malice actions and the lack of probable cause would be established. Even that the fact of the case was dismissed in my favor, the damages were caused by others to me resulting in a life long nightmare experience. The entire case could have been dismissed at the first court appearance and I would not have had to endure the months of custody and court time to only eventually have the case dismissed in my favor.

[Amended Complaint at PageID.40.]

This Court concludes that these allegations are sufficient for Sills's current claims against Perazich to survive preliminary screening. See generally 7/31 Order at 5-7 (describing the applicable screening standards). As noted in the 7/31 Order, Perazich may assert that she is entitled to absolute prosecutorial immunity from Sills's § 1983 malicious prosecution claims, but this Court will not address that issue during the screening process because Perazich will have the burden to establish that she is entitled to immunity. See id. at 14 (citing Garmon v. Cnty. of Los Angeles, 828 F.3d 837, 843 (9th Cir. 2016)).

5

### III. <u>Sills's Claims Against Macapinlac</u>

The § 1983 claims against Macapinlac were dismissed because the original Complaint did not include "factual allegations that, if ultimately proven, would establish that [Sills] suffered a specific injury because of Macapinlac's conduct and that Sills's injury is linked to the alleged violation of his constitutional rights." [7/31 Order at 15.] In the Amended Complaint, Sills alleges:

> Mr Fredrick Macapinlac Public defender for the Third Curcuit [sic] Court violated my constitutional rights by taking it upon himself to personally waive the reading of charges against me in open court against my will, and was questioned about a bail study documentation being wrong. He had knowledge of no formal charges being filed against me and did not have in his possession at the time any paperwork of charges. His actions representing me in court were malicious and I believe done in collusion with the prosecution. This belief seems to be unfair to me in the court system. The lack of the charging documents shows communication and the workings between the prosecution and the public defenders office. His choice to not request a dismissal of the case in court for the lack of the correct paperwork caused me to have to suffer. This actions deprived me of my rights. I was denied my rights under the color of law and the color of authority.
>
> These events were harmful to me and caused great mental, emotional and physical stress. I was held in custody of the courts for the entire duration of both cases against me.

[Amended Complaint at PageID.40.]  This Court concludes that these allegations are sufficient for Sills's current § 1983 claims against Macapinlac to survive preliminary screening.

## IV. Additional Defendant

Sills includes the State District Court in the caption of the Amended Complaint.  See Amended Complaint at PageID.38. Sills also did so in the original Complaint, but he apparently intended to name as defendants "John and Jane Doe 1-100," in their official and individual capacities, who are employed at the State District Court.  See Complaint at PageID.1, PageID.3. This Court therefore did not construe the Complaint as naming the State District Court itself as a defendant.  See 7/31 Order at 2 (identifying the defendants named in the Complaint). Similarly, in the Amended Complaint, Sills appears to be asserting claims against John and Jane Does 1-10, who he alleges are part of the State District Court system, because they "investigated and prosecuted and filed paperwork and documents in the court against [him and] should also be held accountable for violating [his] constitutional rights."  See Amended Complaint at PageID.41.  This Court therefore liberally construes the Amended Complaint as naming John and Jane Doe 1-10 as defendants in this case.  See 7/31 Order at 6 ("Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings." (some citations omitted) (citing Eldridge v.

7

Block, 832 F.2d 1132, 1137 (9th Cir. 1987)). This Court does not construe the Amended Complaint as naming the State District Court as a defendant.

Further, even if Sills is attempting to assert claims for damages against the State District Court, such claims would be barred by the State District Court's Eleventh Amendment Immunity. See Raquinio v. Third Cir. Ct. Kona Div. Adm'rs, CIV. NO. 22-00499 JMS-KJM, 2022 WL 17585669, at *3 (D. Hawai`i Dec. 12, 2022) ("[W]hether Plaintiff intended a claim for damages against (1) the State of Hawaii, (2) an entity of the State of Hawaii (the Third Circuit Court), or (3) individuals employed by the Third Circuit Court in their official capacities, such a claim fails under the Eleventh Amendment." (citing Yamano v. Haw. Judiciary, 765 F. App'x 198, 199 (9th Cir. 2019) ("The district court properly dismissed Yamano's claim against defendant State of Hawaii Judiciary because her claim is barred by the Eleventh Amendment.") (citations omitted); Simmons v. Sacramento Cnty. Superior Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (barring claims under the Eleventh Amendment against state courts and their employees, as arms of the state))).

Sills's Amended Complaint also refers to "Mitchell Roth as head of the Courts Prosecution Office and supervisor of Kate Perazich[.]" [Amended Complaint at PageID.40.] Mitchell

8

Roth, however, is not listed as a defendant in the caption of the Amended Complaint. See id. at PageID.38. This Court does not construe the Amended Complaint as naming Mitchell Roth as a defendant. At most, he may be among the people Sills refers to as John and Jane Doe 1-10. See 7/31 Order at 2 n.1 (noting the "numerous investigators, counselors, and staff attorneys from the prosecutors office" listed in the Complaint are not named as defendants).

If Sills wishes to file a second amended complaint to name additional defendants, he must comply with Fed. R. Civ. P. 15(a), which states, in pertinent part:

> **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course no later than:
>
> > (A)  21 days after serving it, or
> >
> > (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2). If Sills files a motion for leave to amend, the motion must comply with Local Rule 10.4, which states:

> Any party filing or moving to file an amended complaint, counterclaim, third-party complaint, or answer or reply thereto shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court. A motion or stipulation to amend a pleading shall be accompanied by the proposed amended pleading in redline format, which must indicate in every respect how the proposed amended pleading differs from the pleading which it amends, by striking through the text to be deleted and underlining the text to be added. If granted or allowed, the amended pleading shall be filed, with redline formatting removed, and served on all parties under Fed. R. Civ. P. 5 within fourteen (14) days of the filing of the order granting leave to amend, unless the court orders otherwise.

A motion for leave to amend would be considered by the magistrate judge.

## V. Sills's Application

The Application establishes that Sills "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." See Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948) (alteration in Adkins) (internal quotation marks omitted). The Court therefore finds that Sills has made the required showing under 28 U.S.C. § 1915 to proceed *in forma pauperis* – in other words, without the prepayment of court fees and costs – and grants Sills's Application.

**CONCLUSION**

For the foregoing reasons, Sills's claims in his Amended Complaint, filed September 11, 2023, against Defendant Judge Robert Kim are HEREBY DISMISSED WITH PREJUDICE. The Clerk's Office is DIRECTED to terminate Judge Kim as a defendant on **November 24, 2023,** unless Sills files a motion for reconsideration of this Order by **November 22, 2023.** This case will proceed only upon Sills's claims against Defendant Kate Perazich and Fredrick M. Macapinlac.

Sills's Application to Proceed in District Court Without Prepaying Fees or Costs, filed June 8, 2023, is HEREBY GRANTED. This Court DIRECTS the Clerk's Office to issue the summons and to provide Sills with the instructions and all other forms necessary for the United States Marshals Service ("Marshals Service") to attempt service of the Complaint on Perazich and Macapinlac. This Court CAUTIONS Sills that the Marshals Service will not attempt service unless Sills completes all of the necessary forms according to the instructions provided.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 8, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**THOMAS P. SILLS, JR. VS. ROBERT KIM, ET AL; CV 23-00246 LEK-KJM; ORDER DISMISSING IN PART PLAINTIFF'S AMENDED COMPLAINT AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**