IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| THOMAS P. SILLS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT KIM, *et al.*, <br><br> Defendants. | Civil No. 23-00246 MWJS-KJM <br><br> ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

## INTRODUCTION

In this civil rights action, pro se Plaintiff Thomas P. Sills, Jr., contends that he was maliciously prosecuted in state court. The two remaining Defendants, Frederick M. Macapinlac and Kate Perazich, each move to dismiss the First Amended Complaint (FAC) against them for failure to state a claim. The first, Macapinlac, was Sills's public defender in the underlying state criminal case. The second, Perazich, was the assigned prosecuting attorney.

The FAC fails to state a claim for relief against Macapinlac or Perazich, in either their individual or official capacities. The Court therefore DISMISSES the FAC in its entirety. And because Sills's proposed Second Amended Complaint (SAC) does not remedy the FAC's deficiencies, the Court DENIES Sills's request for leave to file an SAC. The Court offers Sills one final chance to request leave to

amend his complaint, but only against Perazich—which, for the reasons explained below, the Court construes in part as a § 1983 claim against the County of Hawaiʻi.

## BACKGROUND

### A.     The First Amended Complaint's Factual Allegations

Sills initially brought this case against three named Defendants—state court Judge Robert Kim, Macapinlac, and Perazich—and unnamed employees of the State of Hawaiʻi District Court of the Third Circuit.  ECF No. 1.  After the Court dismissed the original complaint upon an initial screening, *see* ECF No. 6, Sills filed the FAC, ECF No. 8.  The Court then dismissed with prejudice Sills's claims against Judge Kim.[1]  ECF No. 10.  Macapinlac and Perazich remain.

The FAC's allegations arise from a state prosecution of Sills, which originated in the district court and was transferred to the circuit court.[2]  The charges against him were eventually dismissed.  Sills alleges that the prosecuting attorney on his case, Perazich, maliciously brought him before the state court without charges and without probable cause.  ECF No. 8, at PageID.40.  He further

---

[1]     The FAC also mentioned then-Prosecuting Attorney for the County of Hawaiʻi, Mitchell Roth.  But Roth was not named in the case caption, and the Court has not construed the FAC as bringing a claim against him.  *See* ECF No. 10, at PageID.50-51.

[2]     The FAC lists the following state criminal case numbers:  3DCW-19-0000568 and 3CPC-19-0000566.  ECF No. 8, at PageID.40.

2

alleges that she subsequently "created" a case against him to cover up the lack of a "legitimate reason or documentation" for the prosecution.  *Id.*

Macapinlac served as Sills's public defender on the case.  As alleged in the FAC, at an initial hearing, Macapinlac "personally waive[d] the reading of charges against [Sills] . . . against [Sills's] will, and was questioned about a bail study document[] being wrong."  *Id.*  Macapinlac had no knowledge or documentation of charges being filed against Sills.  *Id.*  According to Sills, the lack of such charging documents shows that Macapinlac's representation of Sills was "malicious" and "done in collusion with the prosecution."  *Id.*  Moreover, Sills faults Macapinlac for "cho[osing] to not request a dismissal of the case . . . for the lack of correct paperwork."  *Id.*

Sills alleges that all of these actions were taken under the color of law, violated his constitutional rights, and caused him great stress.  *Id.*  He seeks money damages as compensation.  *Id.* at PageID.41.

**B.** **Defendants' Motions to Dismiss and Plaintiff's Motion for Leave to File a Second Amended Complaint**

On April 11 and 12, 2024, Defendants Macapinlac and Perazich filed their respective motions to dismiss, each arguing that the FAC fails to state a claim for relief against them.  ECF Nos. 30 & 33.  Sills, proceeding pro se, filed oppositions to the motions.  The Court thanks the parties for their effective briefing and elects to decide the motions without a hearing, as authorized by Local Rule 7.1(c).

3

On May 30, 2024, after Defendants had moved to dismiss the FAC, Sills filed a new document titled "Amended Complaint." ECF No. 46. In the filing, he asks the Court to dismiss his prior complaints against Macapinlac, and again asserts claims against Perazich (but not Macapinlac). *See id.* at PageID.284. For the first time, Sills also expressly names the Office of the Prosecuting Attorney and the County of Hawaiʻi as defendants. *Id.* at PageID.281.

Because Sills already amended his complaint once, he was required to seek the Court's leave before filing any additional amended pleadings. *See* Fed. R. Civ. P. 15(a)(2). Accordingly, the Court has construed his filing as a motion for leave to file a Second Amended Complaint (SAC). *See* ECF No. 47 (Entering Order) (noting receipt of the filing and construing it as a request to file an SAC). And in this Order, the Court considers the contents of the proposed SAC in deciding whether it would be appropriate to grant leave to amend Sills's complaint.

## DISCUSSION

### A.     Motion to Dismiss Legal Standards

Macapinlac and Perazich's motions are brought under Federal Rule of Civil Procedure 12(b)(6), which authorizes dismissal of an action for "failure to state a claim upon which relief can be granted." 12(b)(6) motions "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive such motions, "a complaint must contain sufficient factual matter, accepted

4

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

To determine whether a complaint's allegations are sufficient, the Court must proceed in two steps. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014). First, legal conclusions couched as factual allegations are disregarded.[3] *Id.* at 996; *Iqbal*, 556 U.S. at 678-79. Second, assuming the veracity of well pleaded allegations, as well as all reasonable inferences that could be drawn from them, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Eclectic Props.*, 751 F.3d at 996 (quoting *Iqbal*, 556 U.S. at 679); *see also Navarro*, 250 F.3d at 732. The Court will dismiss claims for which there is either "no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro*, 250 F.3d at 732.

//

//

//

---

[3]   In addition, the Court cannot consider facts raised for the first time in Sills's oppositions to the motions to dismiss. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("[I]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis omitted)). The Court may, however, consider such facts in assessing whether further leave to amend might be warranted.

### B. The FAC Fails to State a Claim for Relief Against Macapinlac

Begin with Sills's public defender, Macapinlac. Even liberally construing the FAC, *see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003), it fails to state any claim for relief against Macapinlac.

1. Sills appears to bring a § 1983 claim against Macapinlac in his individual and official capacities. The official capacity suit is treated as one against the State of Hawaiʻi Office of the Public Defender and, as such, is barred by the Eleventh Amendment. *See, e.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."); *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994) ("[A] claim for damages against state officials in their official capacities is plainly barred.").

2. To state a claim for relief under 42 U.S.C. § 1983 against an official in their personal capacity, a plaintiff must (1) "allege the violation of a right secured by the Constitution and laws of the United States," and (2) "show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In other words, acting "under color of state law" is a prerequisite for a § 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 315 (1981). A defendant acts "under color of state law" if they "exercise[] power

6

possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Atkins*, 487 U.S. at 49 (internal quotation marks omitted).  In *Polk County v. Dodson*, the Supreme Court made clear that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S. at 325.

Here, nearly all of Macapinlac's challenged actions are traditional public defender activities.  Sills alleges that Macapinlac waived the reading of the charges against him in court against his will; was questioned about a bail study; had no knowledge or documentation of formal charges against Sills; and chose not to request a dismissal of the case against Sills based on that lack of documentation. ECF No. 8, at PageID.40.  Under *Polk County*, it is clear Macapinlac did not act under color of state law in engaging in those activities.  *See, e.g.*, *Polk County*, 454 U.S. at 320 ("[I]t is the function of the public defender to enter 'not guilty' pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments [o]n behalf of defendants.").

One exception exists, however, for conspiracy:  "[A]n otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984).  A claim for conspiracy requires a showing of "an agreement or 'meeting

7

of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks omitted).  To the extent the FAC alleges that Macapinlac "colluded" with the prosecution, that allegation is conclusory and not entitled to a presumption of truth under *Iqbal*.  The only relevant factual allegation is that Sills "believe[s]" Macapinlac colluded with the prosecution because of the "lack of charging documents."  ECF No. 8, at PageID.40.  But there are no factual allegations of an actual agreement or meeting of the minds between Macapinlac and the prosecution to violate Sills's constitutional rights.  The FAC therefore fails to state a § 1983 claim against Macapinlac in his personal capacity.

3. A claim for a conspiracy to violate civil rights can also arise under 42 U.S.C. § 1985, but only where there is a viable § 1983 claim.  *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004).  To the extent that Sills also brings a § 1985 claim against Macapinlac, that claim also fails, for there is no viable § 1983 claim and, as explained above, the only conspiracy allegations are conclusory.

Indeed, Sills himself apparently acknowledges that dismissal of Macapinlac is appropriate in his request for leave to file an SAC.  *See* ECF No. 46, at PageID.284 ("In this amended complaint, I asked the court to dismiss [t]he Original Complaint filed [June 8, 2023] and amended complaint filed September 11, 2023 against Fredrick Macapinlac.").  The Court therefore

GRANTS Macapinlac's motion to dismiss Sills's claims against him. And because leave to amend the claims against Macapinlac would be futile, the Court dismisses those claims with prejudice. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### C. The FAC Fails to State a Claim for Relief Against Perazich

Turn now to prosecuting attorney Perazich. Against Perazich, too, the FAC fails to state any claim for relief, but the Court dismisses those claims without prejudice at this time.

1. Like Macapinlac, Perazich is named in both her official and personal capacities. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Accordingly, an official-capacity suit is generally "treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Unlike state public defenders, who are employees of the State of Hawaiʻi, county prosecutors are employees of their respective counties. And while the Eleventh Amendment precludes § 1983 actions for damages against States without their consent, it does not bar such suits against counties. *See Will*, 491 U.S. at 70 ("States are protected by the Eleventh Amendment while municipalities are not."). The Court therefore liberally

construes Sills's official capacity claim against Perazich as a § 1983 malicious prosecution claim against the County of Hawaiʻi.

Nonetheless, Sills's FAC has not plausibly alleged municipal liability against Hawaiʻi County for purposes of § 1983. A municipality can be sued directly under § 1983, but only in discrete circumstances. *Monell*, 436 U.S. at 690-91. First, a municipality can be liable when it or a person with final policymaking authority within the municipality expressly enacts or authorizes a policy respecting a challenged action, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482-83 (1986), including by ratifying a subordinate's conduct and the basis for it, *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066-67 (9th Cir. 2013). Second, a municipality can be liable for a custom that, although not expressly enacted, is "so permanent and well settled" that it operates with the force of law. *Monell*, 436 U.S. at 691. Third, a municipality can be liable for failing to train its employees when such failure amounts to deliberate indifference toward the rights of its inhabitants. *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). Moreover, a plaintiff must allege that a policy, custom, or failure to train actually caused a municipality's employee to commit the constitutional deprivation. *Id.* at 391; *Monell*, 436 U.S. at 694. A municipality cannot be held liable under § 1983 "solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphases omitted).

Here, the FAC does not provide factual allegations sufficient to support any of these theories of liability. It lays out no factual allegations regarding an official County policy or custom of unlawful prosecutions, a final County policymaker's ratification of Perazich's conduct or the basis for it, or a failure to train Perazich on the Constitution's requirements. Nor does the FAC provide a factual basis to believe that any policy, custom, or failure to train caused Sills's alleged constitutional deprivation. The Court therefore DISMISSES Sills's official capacity claim against Perazich, which is effectively against the County. But because it is theoretically possible that Sills could remedy these factual deficiencies, the dismissal is without prejudice. *See Eminence Cap.*, 316 F.3d at 1052.

2. Perazich is also named in her personal capacity. Personal, as opposed to official, capacity suits "seek to impose personal liability upon a government official for actions [s]he takes under color of state law." *Kentucky*, 473 U.S. at 165. State prosecuting attorneys enjoy absolute immunity from § 1983 personal liability "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997); *see also Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). Those include a prosecutor's exercise of professional judgment, including her "determination that the evidence was sufficiently strong to justify a probable-cause finding, her decision to file charges,

and her presentation of the information and the motion to the court." *Kalina*, 522 U.S. at 130. Absolute immunity applies irrespective of a prosecutor's intent, so long as they are acting within the scope of their position. *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987).

It is not the prosecutor's identity, but the nature of the function performed that gives rise to absolute immunity. *Kalina*, 522 U.S. at 127. Conduct covered only by qualified immunity—even when performed by a prosecutor—includes the performance of administrative functions and investigative functions normally performed by a police officer. *Garmon*, 828 F.3d at 843. Because absolute immunity is an "extreme remedy," the "official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Id.* (internal quotation marks omitted).

Perazich has met her burden of showing that she is entitled to absolute immunity for the actions alleged in the FAC.[4] Sills challenges Perazich's actions in bringing him into court without probable cause or formal charges against him, subsequently "creat[ing]" a case against him, and colluding with defense counsel. ECF No. 8, at PageID.40. But Perazich's decision to prosecute Sills—regardless

---

[4] During an initial screening of the FAC, *see* ECF No. 10, the Court acknowledged that absolute immunity may exist but declined to dismiss the claims because the prosecutor bears the burden of establishing absolute immunity. The Court now finds that Perazich has met this burden.

of her intent for doing so—falls squarely within the traditional role of an advocate. *See Kalina*, 522 U.S. at 130. So, too, do her actions in carrying out the prosecution. The FAC does not appear to allege that Perazich took any actions more akin to administrative functions or investigative functions normally performed by a police officer than to traditional advocacy. Sills's claims for malicious prosecution and for conspiracy in bringing the prosecution are barred by absolute immunity. *See Imman v. Anderson*, 294 F. Supp. 3d 907, 916 (N.D. Cal. 2018) ("[P]rosecutorial immunity bars allegations for, among other things, malicious prosecution and conspiracy in connection with criminal prosecutions."); *see also Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001) (stating malicious prosecution claims are covered by prosecutorial immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1077-78 (9th Cir. 1986) (holding a conspiracy between a prosecutor and judge does not pierce prosecutorial immunity). The Court therefore DISMISSES Sills's § 1983 malicious prosecution claims against Perazich in her personal capacity.

Because the FAC's factual allegations are sparse, however, the Court cannot determine with certainty that these deficiencies are incurable. *See Eminence Cap.*, 316 F.3d at 1052. The dismissal of Perazich in her personal capacity is therefore without prejudice.

## D. Leave to Amend

Again, the dismissal of Macapinlac is with prejudice, and so Sills may not make any other submissions on those claims. On the other hand, the dismissal of Perazich—and effectively, the County of Hawaiʻi—is without prejudice.

As drafted, Sills's proposed SAC does not remedy any of the defects laid out above. *See* ECF No. 46. The Court therefore DENIES Sills's request for leave to file the proposed SAC.

The Court recognizes, however, that Sills is proceeding pro se and could possibly cure the deficiencies in his § 1983 claims against the County of Hawaiʻi and Perazich in her personal capacity. Should Sills wish to file a new amended complaint, he must first obtain leave of Court. *See* Fed. R. Civ. P. 15(a)(2). Any request to file a new amended complaint must be filed on or before July 31, 2024, and should clearly and thoroughly lay out in narrative form the new factual allegations against the County of Hawaiʻi and/or Perazich in her personal capacity that would remedy the deficiencies identified above. Sills need not file a new proposed amended complaint with his request; he need only explain what additional facts he *would* include in such an amended complaint if given the

opportunity to file one.[5]  Sills should not seek to add any other claims or defendants against whom he cannot satisfy the federal pleading standards.

If Sills files such a request, the Court will review it and decide whether further leave to amend is warranted; Defendants need not submit a response except by further order of this Court.  The Court cautions Sills that failure to timely submit a new request to file another amended complaint that conforms with this Order will result in the automatic dismissal of this action.  In addition, Sills is cautioned that failure to address the deficiencies identified in this Order may result in the dismissal of the claims against Perazich and the County of Hawaiʻi with prejudice.

## **CONCLUSION**

For the foregoing reasons, the Court:

(1) GRANTS Defendant Macapinlac's motion to dismiss for failure to state a claim for relief;

(2) GRANTS Defendant Perazich's motion to dismiss for failure to state a claim for relief;

---

[5]  This Court's Local Rules ordinarily require a party to submit a redline version of a proposed amended complaint with changes marked.  *See* LR10.4.  Given that Sills is proceeding pro se, the Court does not require him to do that here.

(3) DISMISSES the First Amended Complaint, ECF No. 8, in its entirety; in particular, the claims against Defendant Macapinlac are DISMISSED with prejudice and without leave to amend, and the claims against Defendant Perazich—which are construed in part as against the County of Hawaiʻi—are DISMISSED without prejudice and without leave to amend; and

(4) DENIES Plaintiff Sills's motion for leave to file a Second Amended Complaint.

Although Sills is not granted leave to amend at this time, Sills may file a new request for leave to file another amended complaint. If Sills does so, the request must comply with the following requirements:

(1) Sills's deadline to submit a new request to file an amended complaint is July 31, 2024;

(2) Sills may request leave to amend his § 1983 claims against the County of Hawaiʻi and Perazich in her personal capacity, but he may not seek leave to amend his claims against Macapinlac or any other defendant previously dismissed with prejudice; and

(3) Sills must provide in narrative form the new factual allegations against the County of Hawaiʻi and/or Perazich in her personal capacity that would cure the deficiencies identified above. Sills need not provide a new proposed amended complaint as part of his request.

Sills is cautioned that failure to timely submit a request for leave to file an amended complaint that conforms with this Order will result in automatic dismissal of this action, and that failure to address the deficiencies identified in this Order may result in the dismissal of the claims against Perazich and the County of Hawaiʻi with prejudice.

IT IS SO ORDERED.

DATED: July 1, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 23-00246 MWJS-KJM, *Thomas P. Sills, Jr. v. Robert Kim*, et al.; ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

17