IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| THOMAS P. SILLS, JR.,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT KIM, *et al.*,<br><br>　　　　　　Defendants. | Civil No. 23-00246 MWJS-KJM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

**ORDER DENYING PLAINTIFF'S MOTION<br>FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

　　This Court previously dismissed pro se Plaintiff Thomas P. Sills, Jr.'s complaint—in which he alleged that he was maliciously prosecuted in state court—for failure to state a claim for relief.  Sills now seeks leave to amend that previously dismissed complaint.  *See* ECF No. 53.  But Sills's proposed amendments would not remedy the complaint's deficiencies.  Moreover, Sills has already been given several chances to supplement his factual allegations.  Accordingly, the Court DENIES Sills's request and DISMISSES the malicious prosecution claims against the remaining Defendants with prejudice.  No claims remain, and so this action is DISMISSED.

//

//

## BACKGROUND

### A. Prior Dismissals

As explained in the Court's most recent dismissal order, *see* ECF No. 51, Sills initially brought this case against three named defendants, each of whom were involved in his state prosecution: state court Judge Robert Kim; Sills's public defender, Frederick M. Macapinlac; and prosecuting attorney Kate Perazich. ECF No. 1. Upon an initial screening, the Court dismissed the original complaint. *See* ECF No. 6. Sills then filed a First Amended Complaint (FAC), *see* ECF No. 8, which the Court again screened, *see* ECF No. 10. The Court dismissed with prejudice all claims against Judge Kim while allowing the claims against Macapinlac and Perazich to proceed. *Id.*

Macapinlac and Perazich moved to dismiss the remaining claims against them. *See* ECF Nos. 30 & 33. Before the Court ruled on the motions to dismiss, Sills filed a document titled "amended complaint," naming as defendants Perazich, the County of Hawai'i, and the Office of the Prosecuting Attorney. *See* ECF No. 46. The Court construed the document as a request for leave to file a Second Amended Complaint (SAC). *See* ECF No. 47.

In a single order, the Court addressed both the motions to dismiss and Sills's request for leave to amend. *See* ECF No. 51. First, the Court dismissed Macapinlac with prejudice and dismissed Perazich without prejudice. *Id.* As to

Perazich, the Court explained that the FAC failed to state a claim against Perazich in her personal capacity, for absolute immunity applied to her actions alleged in the FAC, which were all within her traditional role as an advocate. *Id.* at PageID.438-40. Nor did the FAC plausibly state a claim against Perazich in her official capacity, which the Court construed as a claim under 42 U.S.C. § 1983 against the County of Hawaiʻi. *Id.* at PageID.436-38.

Turning to Sills's request for leave to amend, the Court acknowledged that Sills was proceeding pro se and that the FAC's allegations were sparse, so the Court could not determine with certainty that the FAC's deficiencies were incurable. *Id.* at PageID.440-41. But the proposed SAC that Sills submitted did not remedy those deficiencies, and so the Court denied leave to file it. *Id.* at PageID.441. The Court nonetheless offered Sills one final chance to request leave to amend. *Id.* at PageID.441-42. In doing so, the Court instructed him to "clearly and thoroughly lay out in narrative form the new factual allegations against the County of Hawaiʻi and/or Perazich in her personal capacity that would remedy the deficiencies." *Id.* at PageID.441. With that instruction, however, the Court cautioned Sills that failure to address the deficiencies identified in the dismissal order might result in the dismissal of the malicious prosecution claims against Perazich and the County of Hawaiʻi with prejudice. *Id.* at PageID.442.

3

### B.     Request for Leave to File a Second Amended Complaint

Sills timely filed his second letter request for leave to file an amended complaint.  *See* ECF No. 53.  In the request, Sills again asks for leave to amend the complaint against Perazich, the County of Hawaiʻi, the Office of the Prosecuting Attorney, and, for the first time, the Hawaiʻi County Police Department (HCPD).

The request lays out the facts that an SAC would include.  As written, the malicious prosecution claim appears to arise from the transfer of Sills's case from the state district court to the state circuit court.  The request says that Perazich "failed to file with the Circuit Court the transferred case on behalf of the office of the prosecution." *Id.* at PageID.446.  As a result, Sills was ordered "to stand trial for charges that were not filed in the court records." *Id.*  To create a case against him, Perazich then "researched and gathered evidence from the District Court's records and presented evidence to the Circuit Court." *Id.*  According to the letter request, it was Perazich's job only "to prosecute with the referred information from the lower court," and her actions in gathering the district court records were more like that of "a police officer/detective" than an advocate. *Id.*  In addition, Sills says that the prosecution "failed to provide full and complete discovery information to [his] Public Defender," a further violation of his constitutional rights. *Id.*

The request also describes new facts related to Sills's initial arrest.  It asserts a Fourth Amendment violation:  On March 6, 2019, the police allegedly arrested

Sills in his home, searched his residence without a search warrant, unlawfully detained him, and took him into custody. *Id.* And Sills was allegedly not read his *Miranda* rights until his arrival at the police station, which he asserts "makes all charges null and void." *Id.* Finally, Sills says the County of Hawaiʻi is responsible for "the actions of [its] employees." *Id.*

## DISCUSSION

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). But where amendment would be futile or there is a repeated failure to cure deficiencies, leave is appropriately denied. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

1. Sills still does not provide factual allegations that would state a claim against Perazich in her personal capacity. As the Court explained in its last dismissal order, state prosecuting attorneys enjoy absolute immunity from § 1983 personal liability "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997); *see also Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). Prosecutors are entitled to only qualified immunity, on the other hand, when they perform administrative functions and investigative functions normally performed by a police officer. *Garmon*, 828 F.3d at 843.

5

In Sills's view, Perazich's actions in "research[ing] and gather[ing] evidence from the District Court's records and present[ing] evidence to the Circuit Court" were not within her role as an advocate, for it was her job only "to prosecute with the referred information from the lower court." ECF No. 53, at PageID.446. Sills says that these actions were instead more like that of "a police officer/detective." *Id.* The Court disagrees. A prosecutor's traditional functions include the presentation of evidence to the court. *Kalina*, 522 U.S. at 130. And assuming the truth of Sills's allegations, the gathering of court records from one court to file in another is not a function traditionally performed by a police officer—it is squarely within the traditional role of an advocate. Sills's conclusory statement that Perazich was acting within the role of a police officer or detective is not enough to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (labels, conclusions, and naked assertions without factual enhancement are insufficient).

To the extent that Sills alleges Perazich violated his constitutional rights by failing to "provide full and complete discovery information" to his public defender, ECF No. 53, at PageID.446, such actions are also within the role of an advocate and covered by absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 n.34 (1976) (explaining that the "deliberate withholding of exculpatory information" is included within the "exercise of prosecutorial discretion"); *see also Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) (same).

6

Because Sills offers no factual basis on which to pierce Perazich's absolute immunity, it would be futile to grant his request for leave to amend the claims against her. In addition, Sills has already been given several chances to supplement his factual allegations, and he has still failed to cure the identified deficiencies. The Court therefore DENIES leave to amend the claims against Perazich. *See Eminence Cap.*, 316 F.3d at 1052.

2. If he were given leave to amend, Sills's proposed § 1983 claims against the County, the Office of the Prosecuting Attorney, and HCPD would also fail. As an initial matter, suits against a county office or agency are to be treated as a suit against the county itself. *Hartford v. Ferguson*, No. 23-cv-05364, 2023 WL 3983744, at *3 (W.D. Wash. June 13, 2023) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). And because the facts as laid out by Sills provide no basis for a plausible claim against the County, they also provide no basis for a plausible claim against the Office of the Prosecuting Attorney or HCPD.

As the Court explained in its last dismissal order, the County can be sued under § 1983, but only in discrete circumstances. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). It can be liable when it or a municipal employee with final policymaking authority expressly enacts or authorizes a policy that led to a challenged action, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482-83 (1986), or ratifies the action and the basis for it, *Ellins v. City of Sierra Madre*,

7

710 F.3d 1049, 1066-67 (9th Cir. 2013).  The County can also be liable for a custom that, although not expressly enacted, is "so permanent and well settled" that it operates with the force of law.  *Monell*, 436 U.S. at 691.  And it can be liable for failing to train its employees when such failure amounts to deliberate indifference toward the rights of its inhabitants.  *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989).  But under any of those circumstances, a plaintiff must also allege that the policy, custom, or failure to train actually caused the municipality's employee to commit the constitutional deprivation.  *Id.* at 391; *see also Monell*, 436 U.S. at 694.  Employing a wrongdoer is insufficient.  *Monell*, 436 U.S. at 691.

Sills's request for leave to amend still does not lay out factual allegations that would meet any of these theories of municipal liability.  He provides no new facts disclosing a county policy, custom, or failure to train.  And he does not allege that a county policy, custom, or failure to train caused the alleged deprivation of his rights.  Instead, the County's only alleged role is as an employer.  *See* ECF No. 53, at PageID.446 ("The fact is the county of Hawaii is responsible for the behavior and actions of their employees.").  Accordingly, even if the Court permitted amendment of the complaint, the complaint would still fail to state a claim—including for malicious prosecution or an unreasonable search or seizure—against the County of Hawaiʻi, the Office of the Prosecuting Attorney, or HCPD.

Moreover, to the extent that Sills seeks to assert a cause of action for a violation of his *Miranda* rights, § 1983 provides no such cause of action. *See Vega v. Tekoh*, 597 U.S. 134, 141 (2022) (holding *Miranda* violations do not provide a basis for a § 1983 claim).

Finally, with respect to the newly alleged Fourth Amendment violation, the Court notes that Sills has brought no claim against any individual police officers, who may be liable for unlawful searches and seizures even when a municipality is not. *See City & County of San Francisco v. Sheehan*, 575 U.S. 600, 611 (2015) (public officials are not entitled to immunity when they violate clearly established constitutional rights). Because Sills has not at any point sought to bring a Fourth Amendment claim against the individual officers, the Court makes no determination on that issue. Accordingly, this Order does not bar Sills from bringing a future action against individual officers if such a claim exists.

Because Sills has already been given several chances to state a malicious prosecution claim against the municipality but has repeatedly failed to cure the identified deficiencies, and because his new proposed unreasonable search and seizure and *Miranda* warning claims do not state a plausible claim for relief, the Court DENIES leave to amend as to the County of Hawaiʻi, the Office of the Prosecuting Attorney, and HCPD. *See Eminence Cap.*, 316 F.3d at 1052.

## **CONCLUSION**

For the reasons explained above, Sills's request for leave to amend, ECF No. 53, is DENIED. The Court already previously dismissed the FAC. *See* ECF No. 51. And the Court now DISMISSES the FAC's malicious prosecution claims against Perazich and the County of Hawai'i with prejudice. Meanwhile, because Sills has not offered sufficient allegations to support them, the Court does not permit Sills to add his proposed unreasonable search or seizure or *Miranda* warning claims to this action, though Sills remains free to refile those claims in a new action. Accordingly, no claims remain, and this action is DISMISSED in its entirety. The Clerk of Court is DIRECTED to close the case.

IT IS SO ORDERED.

DATED: August 13, 2024, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

___

Civil No. 23-00246 MWJS-KJM, *Thomas P. Sills, Jr. v. Robert Kim*, et al.; ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT